STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


CA 06-1283


CONNIE MOUHOT

VERSUS

TWELFTH STREET BAPTIST CHURCH, ET AL.


**********


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-4366
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE


**********


OSWALD A. DECUIR
JUDGE


**********


Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

**AFFIRMED IN PART AND REVERSED IN PART.**

David J. Calogero
Philip Andre Fontenot
Davidson, Meaux, Sonnier & McElligott
P. O. Drawer 2908
Lafayette, LA 70502
(337) 237-1660
Counsel for Plaintiff/Appellant:
    Connie Mouhot

Earl G. Pitre
Attorney at Law
P. O. Box 3756
Lake Charles, LA 70602
(337) 494-0800
Counsel for Defendants/Appellees:
    Twelfth Street Baptist Church
    GuideOne Mutual Insurance Company

**DECUIR, Judge.**

In this lawsuit stemming from a trip and fall incident at the Twelfth Street Baptist Church in Lake Charles, the plaintiff, Connie Mouhot, was assessed with 45% comparative fault and was awarded $55,000.00 in general damages, plus special damages, following a jury verdict. Named as defendants were the church and its insurer, GuideOne Mutual Insurance Company. Mouhot's motion for judgment notwithstanding the verdict was denied. She now appeals the ruling of the trial court. For the reasons which follow, we reverse the assessment of comparative fault and affirm the award of damages.

On May 5, 2002, Mouhot, seventy-one years old, was at the Twelfth Street Baptist Church for Sunday services. The accident occurred when she was walking from the Sunday school building to the main auditorium. As Mouhot stepped through the threshold of the double doors leading out of the school building, she placed her foot on a mat located just outside the doorway. Mouhot testified that the heel of her shoe became stuck in a hole in the mat, causing her to fall to the ground. As a result of the fall, Mouhot sustained a broken hip and a blow to the head. She was brought to Lake Charles Memorial Hospital where surgery was performed to repair the broken hip.

Mouhot was discharged from the hospital four days after surgery. Home health personnel, as well as friends and neighbors, cared for her initially. The medical evidence indicates that she made a quick and full recovery, but Mouhot testified that she still had pain and weakness at the time of trial in 2006. She also explained how she suffered when she was unable to care for her son, who was dying of cancer, in the months following the accident. The evidence showed that Mouhot had a pre-existing lower back condition which caused pain both before and after the hip injury.

Conflicting expert testimony regarding the safety of the mat in question was presented at trial. The plaintiff's expert considered the mat unreasonably dangerous in normal use because it presented a hazard to people wearing high heels, as is common for women attending church services. He testified that the mat would be more appropriate for industrial use where footwear can be controlled. The expert analyzed the size of the holes in the mat and Mouhot's shoe and determined that the heel of the shoe wedged perfectly in the hole, causing Mouhot's fall.

Conversely, the defense expert testified that the mat was not unreasonably dangerous. He described the mat as a debris mat, one that automatically cleans particles of grit off the bottom of the shoe and necessarily has holes in it for drainage purposes. He testified that Mouhot must have stepped through the threshold sideways in order for her heel to fit the shape and direction of the drainage holes in the mat. The defense expert, however, did not attribute any negligence to Mouhot's conduct.

The evidence also shows that the mat was a commonly used doormat and had been in place for perhaps as long as twenty years without incident. Nevertheless, at least one church employee viewed the mat as dangerous and had removed it from the doorway more than once. He testified that someone always came behind him and put the mat back where Mouhot fell.

In comparing the actions of both Mouhot and church personnel, the jury chose to assess fault almost evenly, finding the church 55% negligent and Mouhot 45% negligent. While the record supports the finding of the church's negligence in using a mat with holes in it while knowing that women with high heels will walk over it, we find no evidence to support the conclusion that Mouhot was also negligent. Therefore, we reverse the finding of comparative fault and assess the defendants with 100% fault.

"A trial court can grant a JNOV only when a jury's verdict is one which reasonable people could not have rendered; if reasonable persons could have arrived at the same verdict given the evidence presented to the jury, then a JNOV is improper. The standard to be applied by the appellate courts in reviewing the grant or the denial of a JNOV is whether the trial court's findings in rendering the JNOV were manifestly erroneous." *Bertrand v. Air Logistics, Inc.,* 01-1655, p. 13 (La.App. 3 Cir. 6/19/02), 820 So.2d 1228, 1237.

Likewise, in reviewing the jury's allocation of fault, we are guided by the following standard of review:

> The applicable standard of review regarding the factual consideration of respective degrees of fault is the manifest error or clearly wrong standard. *Clement v. Frey,* 95-1119, 95-1163 (La. 1/16/96), 666 So.2d 607. This well-known standard prohibits an appellate court from altering a fact finder's determinations, unless those determinations and findings have been found to be clearly wrong upon review of the trial court record. While applying this standard, great deference must be given to the fact finder's results; however, the appellate court is required to simultaneously remain mindful of its constitutional duty to review the facts. La.Const. art. 5, §§ 5(C), 10(B); *Clement,* 666 So.2d 607; *Ambrose v. New Orleans Police Dept. Ambulance Serv.,* 93-3099, 93-3110, 93-3112 (La. 7/5/94), 639 So.2d 216.

*Yellott v. Underwriters Ins. Co.,* 04-1342, p. 12 (La.App. 3 Cir. 8/31/05), 915 So.2d 917, 926, *writ denied,* 05-2439 (La. 4/24/06), 926 So.2d 540.

Our review of the facts reveals error in the conclusion that Mouhot was comparatively at fault in this accident. There is no evidence to support this finding, even from the defendants' expert witness, and it represents a verdict "which reasonable people could not have rendered." *Bertrand,* 820 So.2d at 1237. Accordingly, we must reverse that portion of the judgment whereby Mouhot is assessed with 45% comparative fault.

We turn now to the plaintiff's second issue raised on appeal, the award of damages. The assessment of damages is a determination of fact and, upon review, is

entitled to great deference. Consequently, "the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact." *Wainwright v. Fontenot,* 00-0492 (La. 10/17/00), 774 So.2d 70, 74 *(quoting Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994)).

We have reviewed the medical evidence as well as the testimony of Mouhot as to the effects of her injuries. While the amount of general damages awarded in this case is certainly modest, we do not find the award to be inadequate or an abuse of the fact finder's great discretion. Accordingly, we affirm the $55,000.00 general damage award.

For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. Costs of this appeal are assessed to the defendants, Twelfth Street Baptist Church and GuideOne Mutual Insurance Company.

**AFFIRMED IN PART AND REVERSED IN PART.**